**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13025

Non-Argument Calendar

————————————

MAURICE D. CUNNINGHAM,

*Plaintiff-Appellant,*

*versus*

CARNIVAL CRUISE LINE,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-23143-BB

————————————

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Maurice Cunningham ("Cunningham") appeals the district court's order granting summary judgment for

Defendant-Appellee Carnival Cruise Line ("Carnival") on his negligence claim. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Cunningham alleges that in June 2023 while a passenger on *Venezia*, one of Carnival's cruise ships, he dined at the vessel's Canal Grande restaurant and ingested glass found in the chicken quesadilla he had ordered. According to Cunningham, he subsequently suffered significant stomach injuries, throat complications, and internal bleeding—including of the rectum and colon area. He states that these injuries adversely impacted his work as a truck driver and made it difficult to sit for extended periods of time. As a result, Cunningham sued Carnival and asserted a claim for negligence.

Of significance to this appeal, the district court entered its scheduling order, which specified deadlines for the parties to make Rule 26(a)(1) disclosures, disclose experts and produce expert reports, complete discovery, and file dispositive pre-trial motions. Subsequently, the magistrate judge issued an order on discovery procedures that advised the parties "not wait until the end of the discovery period to begin taking any depositions."

On November 4, 2024, Carnival submitted its Rule 26(a)(1) disclosures, which included four of its crew members: Dylan Francis Fernandez, Ram Sroop, Vineesh Manakkattu Vasu, and Carl Sebastian Meyer. On May 22, 2025, Cunningham's counsel attempted to schedule the depositions of these individuals. Because this correspondence came "one business day before the close of

discovery[,]"[1] Carnival denied the request, considering it untimely. Cunningham then moved to compel Carnival to produce the four crew members for depositions; the district court struck that motion in accordance with its discovery procedures. By the end of the discovery period, Cunningham had not taken any depositions, nor had he made any expert disclosures.[2] In a similar vein, Cunningham had not served discovery requests on Carnival until "less than thirty days prior to the discovery deadline."

On June 18, 2025, Carnival moved for summary judgment. Carnival argued that there was no evidence that it had actual or constructive notice of a dangerous condition before the alleged incident, given Cunningham's failure to conduct any discovery. Further, Carnival contended Cunningham could not meet his burden as to the cause of the alleged injuries because Cunningham had not disclosed any expert opinions on this issue. Cunningham opposed Carnival's request for summary judgment, suggesting there were material disputes regarding his injury, that *res ipsa loquitur* compelled an inference of Carnival's negligence, and that the case of his injuries would be readily apparent to a lay person. Significantly,

---

[1] Under the district court's scheduling order, the deadline for all discovery was May 27, 2025.

[2] Cunningham's counsel offered several explanations for his delay in attempting to schedule depositions of the four crew members. Counsel first cited challenges in serving subpoenas to the crew members, given their work in international waters. Counsel also represented he had a "hard time learning who the exact individuals were to depose[,]" even though these crew members had featured in Carnival's initial disclosures.

Cunningham conceded that there was no evidence that Carnival had actual or constructive notice of a dangerous condition in these circumstances.

The district court granted Carnival's motion for summary judgment. Drawing on Cunningham's own admissions, the district court determined there was no record evidence that Carnival had either actual or constructive notice of any dangerous condition that caused Cunningham's injuries. And the district court also determined that *res ipsa loquitur* did not apply, because it did not eliminate Cunningham's burden to prove that Carnival had notice. The district court did not reach the parties' respective arguments about medical causation. This appeal timely ensued.

## II.    STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable factual inferences in favor of the nonmoving party." *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (citing *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012)). Summary judgment is appropriate if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We do not "weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis*, 934 at 1179 (citations omitted) (cleaned up).

We may affirm the district court's judgment on any ground that the record supports. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1214 (11th Cir. 2021) (citations omitted).

## III.    ANALYSIS

Claims arising from torts committed aboard ships on navigable waters are governed by maritime law. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) ("[W]e note that the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law. . .") (citations omitted).  In evaluating a maritime tort case, we "'rely on general principles of negligence law.'" *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).  For a negligence claim in a maritime tort case, a plaintiff must show: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336 (citations omitted).

### A. Carnival's Duty of Care

Cunningham contends that the district court erred in granting summary judgment for Carnival and that Carnival "[c]learly" owed Cunningham a duty of reasonable care when serving meals on its ship.  As a cruise line, Carnival would not be "liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322 (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332,

1334 (11th Cir. 1984)).  Carnival thus owed Cunningham and other passengers "'the duty of exercising reasonable care under the circumstances of each case.'" *Fuentes v. Classica Cruise Operator Ltd., Inc.*, 32 F.4th 1311, 1315 (11th Cir. 2022) (quoting *Kermarec v. Compagnie Generale de Transatlantique*, 358 U.S. 625, 632 (1959)).  That standard requires "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition. . ." *Keefe*, 867 F.2d at 1322.

Here, as Cunnigham conceded, there is no evidence of either actual or constructive notice by Carnival.  Cunningham acknowledges he has no "evidence that crew members knew of glass in [his] food before the incident alleged in the complaint occurred."  Likewise, he has no "information that anyone else ever had glass or a foreign object in their food at the Canal Grande, or any restaurant on a Carnival vessel before [the] alleged incident."  And Cunningham's counsel offers no basis that could overcome the hurdle created by his unwillingness or inability to conduct timely discovery.[3]  Because it is undisputed that there is no evidence Carnival had actual or constructive notice of the relevant risk-creating condition—foreign objects in food served onboard its ship, Cunningham cannot establish that Carnival owed him a duty of reasonable care in these circumstances.

---

[3] Although Cunningham's counsel raised difficulties with scheduling depositions for the four crew members, he did not pursue available measures before the district court, such as seeking an extension of the discovery deadline from the district court.

On appeal, Cunningham argues, as he did below, that *res ipsa loquitur* would create an inference of Carnival's negligence for the jury to evaluate. We are not persuaded by this argument. *Res ipsa loquitur* is "an evidentiary doctrine that permits a trier of fact to infer a defendant's negligence from unexplained circumstances." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1180 (11th Cir. 2020) (citing *Sweeney v. Erving*, 228 U.S. 233, 238–39 (1913)). And as we noted previously, *res ipsa loquitur* "can allow a jury to infer from circumstantial evidence that the defendant must have breached its duty—but it cannot show that a defendant must have had that duty in the first place." *Id.* at 1182. That is, *res ipsa loquitur* "'does not eliminate a plaintiff's obligation to prove that the defendant owed a duty to the plaintiff in the first place.'" *Id.* (quoting *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 901 (4th Cir. 2003)). As discussed previously, the duty of care requires "as a prerequisite to imposing liability that the carrier had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. Because Cunningham cannot carry his burden to show that Carnival had actual or constructive notice, he cannot rely on *res ipsa loquitur* to establish that Carnival owed him a duty.

## IV.    CONCLUSION

For the reasons discussed, we conclude that the district court did not err in granting summary judgment for Carnival and we affirm the district court's entry of summary judgment in favor of Carnival.

**AFFIRMED.**